Anthony CYPRIEN, Petitioner–Appellant,

v.

A.C. NEWLANDS, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 00–56413.

D.C. No. CV–95–04596–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided June 5, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM [1]

Petitioner–Appellant Anthony Cyprien appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his California state conviction and 26 years to life sentence for the murder of Clarence Whalen in 1985. The jury was given two theories on which it could convict Cyprien: (1) that he actually shot Whalen ("actual shooter theory"); or (2) that he aided and abetted in the shooting of Whalen ("aiding and abetting theory"). The jury convicted Cyprien, but because they returned a general verdict of guilty of murder in the first degree, it is not possible to determine on which theory Cyprien was convicted.

Cyprien raises several claims in his habeas corpus petition. First, he claims that the prosecution suppressed evidence that could have impeached a prosecution witness who testified that Cyprien shot Whalen. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Second, Cyprien clams that the prosecution intentionally elicited false testimony from the aforementioned prosecution witness, failed to correct that testimony, and affirmatively relied on that testimony in its closing argument, and thereby violated *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Third, Cyprien claims that he received ineffective assistance of counsel in violation of the Sixth Amendment because his defense counsel failed to interview two eyewitnesses who claimed that another gang-member fatally shot Whalen. *See Strick-*

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Even assuming that these alleged violations of *Brady, Agurs,* and *Strickland* occurred, these violations would only cast doubt on the theory that Cyprien actually shot Whalen. But, Cyprien did not need to have actually shot Whalen to be found guilty of second-degree murder—acting as an aider and abettor was sufficient. Importantly, there is substantial evidence supporting the aiding and abetting theory—including eyewitness testimony that Cyprien signaled the other gang-members to shoot Whalen, and Cyprien's confession that he attended a retaliation meeting where the murder was planned, went to the scene of the murder with the other gang-members, whistled to the other gang-members to shoot Whalen, and acted as a lookout. As such, because Cyprien cannot establish prejudice to the aiding and abetting theory from these alleged violations, they did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

In addition, Cyprien claims that the prosecution also relied on false testimony from a police officer, who testified that Cyprien admitted to whistling during Cyprien's first interrogation. The district court made a finding of fact that, although Cyprien did not mention whistling in his first interrogation, he must have mentioned whistling in some other recorded interview, or else he would not have agreed that he had previously mentioned whistling. Because we conclude that this finding of fact was not clearly erroneous, *see Paradis v. Arave,* 240 F.3d 1169, 1175 (9th Cir.2001), we accept the district

court's determination that Cyprien mentioned whistling during a later interrogation. As such, we find that the police officer's statement barely rose above an inconsistency, and was therefore not sufficiently prejudicial to have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710.

For the foregoing reasons, the district court's order denying Cyprien's petition for writ of habeas corpus is AFFIRMED.